UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WAYNE HOWARD                                    CIVIL ACTION

VERSUS                                          NUMBER: 10-02797

OFC. BENJAMIN CHRISTOVAL, ET AL.                SECTION: "B"(5)

**REPORT AND RECOMMENDATION**

Utilizing the standardized form provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, pro se plaintiff, Wayne Howard, has initiated the above-captioned matter in forma pauperis against defendants, former Officer Benjamin Christoval of the New Orleans Police Department ("NOPD") and the NOPD itself.

Plaintiff is an inmate of the Orleans Parish Prison who is serving an unspecified sentence following his conviction for an unidentified crime on July 23, 2009. (Complt. at p. 3). Plaintiff alleges that he was falsely arrested by defendant Christoval for said crime on August 16, 2005 despite the fact that he had nothing to do with the commission of the offense. (Id.) Plaintiff further

alleges that defendant Christoval gave false testimony at his criminal trial, resulting in his conviction. (Complt. at p. 4). Plaintiff seeks an apology, five years imprisonment for defendant Christoval, and three million dollars in damages. (Id.).

Initially, the Court is required to examine plaintiff's complaint to determine whether the allegations presented therein, if proven, would undermine the constitutional validity of his state court conviction or confinement. When a state prisoner attacks the very fact or length of his confinement, the appropriate cause of action is a petition for writ of habeas corpus even though the facts of the complaint might otherwise be sufficient to state a claim under 42 U.S.C. §1983. Caldwell v. Line, 676 F.2d 494 (5th Cir. 1982); Richardson v. Fleming, 651 F.2d 366 (5th Cir. 1981); Johnson v. Hardy, 601 F.2d 172 (5th Cir. 1979). Where the exclusive initial remedy is for habeas corpus relief, exhaustion of state court remedies is required, a requirement that applies to both pre-trial and post-conviction habeas proceedings. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827 (1973); Dickerson v. State of Louisiana, 816 F.2d 220, 225 (5th Cir.), cert. denied, 484 U.S. 956, 108 S.Ct. 352 (1987). The exhaustion requirement is satisfied only where a prisoner's grounds for federal habeas corpus relief were previously presented to the state's highest court in a procedurally proper

2

fashion. Knox v. Butler, 884 F.2d 849, 852 n.7 (5th Cir. 1989), cert. denied, 494 U.S. 1088, 110 S.Ct. 1828 (1990); Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

Plaintiff's claims of false arrest and perjured testimony challenge the fact and duration of his confinement, proper habeas corpus issues which cannot be addressed until he has exhausted available state court remedies. Hernandez v. Spencer, 780 F.2d 504, 505 (5th Cir. 1986). Because plaintiff makes no showing of having done so,[1] his complaint, to the extent that it can be construed as a request for habeas corpus relief, should be dismissed without prejudice for failure to exhaust available state court remedies. McGrew v. Texas Board of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995).

Construing plaintiff's allegations on civil rights grounds, he has no §1983 action respecting the validity of his arrest and resulting conviction unless and until his conviction has been reversed on direct appeal, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994);

---

[1]/ Plaintiff failed to answer question No. I of the pre-printed §1983 form which asked him to identify any other lawsuits he had initiated in federal or state court dealing with the same facts involved in this action or otherwise relating to his imprisonment. (Complt. at p. 1).

Wells v. Bonner, 45 F.3d 90, 94-95 (5th Cir. 1995). In addition, plaintiff's false arrest claim is clearly prescribed, Elzy v. Roberson, 868 F.2d 793, 794 (5th Cir. 1989), and police departments of cities, such as the NOPD, are not suable entities under §1983. Eddy v. City of Miami, 715 F.Supp. 1553, 1556 (S.D. Fla. 1989); Ruggerio v. Litchfield, 700 F.Supp. 863, 865 (M.D. La. 1988).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's complaint, to the extent that it can be construed as a request for habeas corpus relief, be dismissed without prejudice for failure to exhaust available state court remedies.

It is further recommended that plaintiff's §1983 claims be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(ii) until such time as the Heck conditions are met. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v.

4

United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 26th day of   August  , 2010.

                                                          ALMA L. CHASEZ
                                       UNITED STATES MAGISTRATE JUDGE