UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WAYNE HOWARD                                              CIVIL ACTION

VERSUS                                                    NO. 10-2797

OFC. BENJAMIN CHRISTOVAL, ET AL                           SECTION "B"(5)

ORDER AND REASONS

Plaintiff Wayne Howard's objections (Rec. Doc. No. 5) to the August 26, 2010 Report and Recommendation of United States Magistrate Judge Alma Chasez (Rec. Doc. No. 4) are overruled. That report is adopted as the opinion of the Court. Plaintiff's habeas corpus petition is dismissed without prejudice, and Plaintiff's 42 U.S.C. § 1983 claims are dismissed with prejudice.

Plaintiff here filed suit pursuant to 42 U.S.C. § 1983 against Defendants, former Officer Benjamin Christoval of the New Orleans Police Department and the New Orleans Police Department. (Rec. Doc. No. 1-1). Convicted of an unidentified crime on July 23, 2009 and serving an unspecified sentence, *pro se* Plaintiff, an inmate of the Orleans Parish Prison, alleges that he was falsely arrested by defendant Christoval for said crime on August 16, 2005. (Rec. Doc. No. 1, at 2-3). Plaintiff claims that he had nothing to do with the commission of the offense for which he was arrested. *Id.* Plaintiff was granted leave to proceed *in forma pauperis* by the magistrate judge. (Rec. Doc. No. 3).

Plaintiff further alleges that in addition to falsely arresting him, Defendant Christoval proffered false testimony at

Plaintiff's criminal trial which ultimately resulted in Plaintiff's conviction. (Rec. Doc. No. 1, at 4). Plaintiff demands an apology on behalf of Defendants Christoval and the New Orleans Police Department, five years imprisonment for Defendant Christoval in retribution for allegedly arresting Plaintiff falsely and proffering false testimony during Plaintiff's criminal trial leading to Plaintiff's subsequent sentence of the same time period. *Id*. Finally, Plaintiff seeks three million dollars in damages. *Id*.

Magistrate Judge Chasez recommended that Plaintiff's complaint be dismissed without prejudice for failure to exhaust available state court remedies. Further, the Magistrate Judge recommended that Plaintiff's § 1983 claims be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) until such time as the *Heck* conditions are met. *See Heck v. Humphrey*, 512 U.S. 477 (1994); *see also Johnson v. McElveen*, 101 F.3d 423 at 424 (5th Cir. 1996).

Plaintiff timely responded to the recommendation of the Magistrate Judge. (Rec. Doc. No. 5, at 1) *see also Douglass v. United Serv. Auto. Assoc.*, 79 F3d 1415 (5th Cir. 1996)(*en banc*). Plaintiff opposes the recommendation of the Magistrate Judge on the following grounds: (i) Plaintiff claims that he has properly filed for post conviction relief; (ii) further, Plaintiff states that he has complained to the Department of Corrections, thereby exhausting available state court remedies; (iii) Plaintiff argues that the

state court system does not care about human rights; and (iv) Plaintiff responds that "wrong is wrong." *Id*.

Despite the fact that Plaintiff has styled his case as an action under § 1983, the appropriate cause of action is a petition for writ of habeas corpus since the Plaintiff attacks the very fact or length of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Caldwell v. Line*, 679 F.2d 494 (5th Cir. 1982). *See also Richardson v. Fleming*, 651 F.2d 366 (5th Cir. 1981). Where a petitioner challenges the legality of his arrest, the claim will be "inextricably intertwined with his challenge to the fact of his conviction or the gravity of his sentence." *Hernandez v. Spencer*, 780 F.2d 504, 504 (5th Cir. 1986). Under such a challenge, however labeled, the laws pertaining to habeas corpus review will apply. *Id*.

Where the exclusive initial remedy is for habeas corpus relief, exhaustion of state court remedies is required before a federal district court can entertain the claim. *Rose v. Lundy*, 455 U.S. 509, 522 (1982).[1] *See also Jackson v. Torres*, 720 F.2d 877 (5th Cir. 1983). Post trial, exhaustion is mandated by statute in order for the Plaintiff to attack a fact of his confinement. *See Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987).

---

[1] Because "[a] rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error[]," the Supreme Court has adopted a rule of exhaustion. *Rose v. Lundy*, 455 U.S. 509, 519 (1982).

3

As stated by the Magistrate Judge, the exhaustion requirement is satisfied only where a prisoner's grounds for federal habeas corpus relief were previously presented to the state's highest court. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Further, the habeas corpus applicant must present his claims to the state courts in a procedurally proper manner, following the rules of the state courts. *Id*.

Last, the Court stated in *Heck v. Humphrey*, that a § 1983 plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus" before the action will be allowed to continue. 512 U.S. 477, 486-87 (1994); *Wells v. Bonner*, 45 F.3d 90, 94-95 (5th Cir. 1995).

Since Plaintiff bases his §1983 action on the grounds of an illegal arrest and subsequent perjured testimony leading to his conviction, the claim should be governed by the laws of habeas corpus review since the claim is inextricably intertwined with the fact of his conviction. *Hernandez*, 780 F.2d at 504. Therefore, Plaintiff must exhaust all state court remedies before the legal action challenging his arrest can continue. *Jackson*, 720 F.2d 877.

The Magistrate Judge correctly noted that Plaintiff failed to make any showing of an exhaustion of available state court

4

remedies. (Rec. Doc. No. 4, at 3).[2] However, in his objection, Plaintiff provides a letter dated June 24, 2010 in which the law clerk for Section K of Orleans Parish Criminal District Court notified Plaintiff that the Criminal District Court received, filed, and denied Plaintiff's "Application for Post-Conviction Relief." (Rec. Doc. No. 5, at 2). While this letter does show that Plaintiff has initiated some sort of review in the state courts, it does not suffice to show that Plaintiff has exhausted all available state court remedies. Therefore, as Plaintiff's issue has not been presented to the state's highest court for review, Plaintiff has failed to exhaust his state court remedies; thus this court is without power to hear his action at this time. *See Jackson*, 720 F.2d 877 at 879.

Because Plaintiff's appropriate cause of action is a petition for writ of habeas corpus and not a § 1983 suit, and because Plaintiff has failed to show that he has exhausted state court remedies, this action is hereby dismissed without prejudice. *McGrew v. Tex. Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995); *Rose v. Lundy*, 455 U.S. 509 (1982). Further, because Plaintiff has not yet satisfied the *Heck* requirement, he has no cause of action because of his failure to show that the validity of

---

[2] For example, on the Plaintiff's Complaint, the Plaintiff failed to specify whether he had initiated other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to his imprisonment. (Rec. Doc. No. 1, at 1).

his action has been called into question.  In *Johnson v. McElveen*, the court dismissed a similar claim with prejudice, finding that such a disposition does not inflict undue prejudice because the suit may be refiled when the *Heck* conditions are met.  101 F.3d 423, 424 (5th Cir. 1996).  Accordingly, Plaintiff's § 1983 claims are dismissed with prejudice.

New Orleans, Louisiana, this 8th day of July, 2011.

_____
United States District Judge